ROBERT S. McLAY (SBN 176661)
rsm@dkmlawgroup.com
JOSHUA N. KASTAN (SBN 284767)
jnk@dkmlawgroup.com
MELISSA L. O'CONNOR (SBN 251932)
moc@dkmlawgroup.com
**DKM LAW GROUP, LLP**
535 Pacific Ave, Suite 101
San Francisco, California 94133
Telephone: 415.421.1100
Facsimile: 833.790.5202

Attorneys for Defendant,
USAA GENERAL INDEMNITY COMPANY

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LoPICCOLO<br><br>Plaintiff,<br><br>vs.<br><br>USAA CASUALTY INSURANCE COMPANY INC., USAA GENERAL INDEMNITY COMPANY; and DOES 1 through 20,<br><br>Defendants. | CASE NO.<br><br>[Formerly Nevada County Superior Court Case No. CU18-08286]<br><br>**DEFENDANT USAA GENERAL INDEMNITY COMPANY'S NOTICE OF REMOVAL OF STATE ACTION UNDER 28 U.S.C. SECTION 1332 AND 1441(a) [DIVERSITY JURISDICTION];**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint filed: March 16, 2018 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that defendant USAA General Indemnity Company ("USAA GIC") hereby removes to this Court the state action described below.

-1-
**DEFENDANT USAA GIC's NOTICE OF REMOVAL OF STATE ACTION & DEMAND FOR JURY TRIAL**
**CASE NO. -** *TBD*

1. USAA GIC is a defendant in the civil action commenced on March 16, 2018 by Plaintiff Christopher LoPiccolo ("LoPiccolo" and/or "Plaintiff") in the Superior Court of the State of California, County of Nevada, Case No. CU18-082869, entitled <u>Christopher LoPiccolo v. USAA General Indemnity Company et al</u>. A true and correct copy of the Summons and Complaint is attached hereto as **Exhibit "1"** and is incorporated as part of this Notice.

2. USAA GIC's registered agent for service of process in the State of California was served with a copy of the Summons and Complaint in the instant action on or about May 1, 2018.

3. USAA GIC issued Plaintiff homeowners policy number GIC 02833 35 57 92A, effective from May 30, 2016 to May 30, 2017 ("the Policy"). A true, correct and certified copy of the Policy is attached hereto **Exhibit "2"** and is incorporated as part of this Notice.

## **JURISDICTION**

**A.    Removal Jurisdiction Based on Diversity Jurisdiction**

4. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1332, and is one that may be removed to this court by USAA GIC pursuant to the provisions of U.S.C. section 1441, subdivision (a), in that it is a civil action wherein the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs and is between citizens of different states.

5. Pursuant to 28 U.S.C. section 1446(d), USAA GIC will also file with the Nevada County Superior Court a copy of this Notice of Removal.

**B.    Complete Diversity of Citizenship Exists**

6. At the time of commencement of this action, and at all times since, USAA GIC has been, and still is, a corporation of the State of Texas, being incorporated under the laws of Texas, and has had and continues to have its principal place of business in Texas.

7. At the time of commencement of this action, and at all times since, Plaintiff Christopher LoPiccolo has been and continues to be a citizen of the State of California, having been a resident of the County of Nevada, within the State of California. (Compl. ¶ 1.)

8. On May 23, 2018, Plaintiff dismissed defendant USAA Casualty Insurance Company with prejudice. A true and correct copy of the file-endorsed Request for Dismissal is attached hereto as **Exhibit "3"** and is incorporated as part of this Notice.

9. This action was brought in the State of California. USAA GIC, as a corporate defendant, is not at the time of institution of this action, and is now not, a corporation incorporated under the laws of the State of California, and does not have at the time of institution of this action, and does not have now, its principal place of business in California. Therefore, USAA GIC is not a citizen of California.

**C.** **Minimum Amount in Controversy Exceeds $75,000**

10. This is an insurance bad faith case. The fact that the amount in controversy exceeds the minimum requirement for diversity jurisdiction can be determined by the nature of the claims and the amount and type of damages sought in the Complaint. The Complaint seeks damages for breach of contract and bad faith breach of the covenant of good faith.

    **a. General and Special Damages**

11. USAA GIC issued Plaintiff a homeowner's policy insuring the residence premises located at 13889 Gas Canyon Road, Nevada City, Nevada, CA 95959-9530 ("the Property") (Ex. 2.).

12. Plaintiff alleges that on January 18, 2017, a wooden support beam cracked causing damage to a bedroom, sundeck and deck within the insured residence. (Compl. ¶ 13.)

13. Plaintiff alleges to have submitted a claim for the damage under the Policy. (Compl. ¶ 14.) Defendant USAA GIC's declination of coverage of the claim formed the basis of the instant Complaint.

14. Plaintiff alleges that USAA GIC breached the insurance policy and acted in bad faith by denying Plaintiff's claim. (Compl. ¶ 18.)

15. On July 18, 2018, Plaintiff responded to USAA GIC's Demand for Statement of Damages and alleged that Plaintiff was entitled to $35,000 of general damages including: $10,000 for pain, suffering and inconvenience and $25,000 for emotional distress. Plaintiff further alleged $167,000 of special damages including: $100,000 for property damage, $27,000 for loss of use and

$40,000 for attorney fees. A true and correct copy of Plaintiff's Statement of Damages is attached hereto as **Exhibit "4"** and incorporated as part of this Notice.

16. On July 27, 2018, Plaintiff responded to USAA GIC's Special Interrogatories, Set One, wherein Plaintiff provided an itemization of damages in response to Interrogatory Nos. 10-12. Plaintiff sets forth the following damages: Engineering costs: $3,500; Permits $1,500; Materials and labor: $167,500; Out-of-pocket expenses: $1,172; Loss of use: $29,250; and Litigation expenses: $10,000 to date and continuing. Plaintiff's total claimed itemized special damages are $212,922. Plaintiff further claims general damages not less than $100,000, making the total claimed combined general and special damages $312,922. A true and correct copy of Plaintiff's Responses to Special Interrogatories, Set One, is attached hereto as **Exhibit "5"** and incorporated as part of this Notice.

### b. Applicable Policy Limits

17. The Policy included the following applicable policy sub-limit for Section I – Coverages and Amounts of Insurance, Coverage A – Dwelling Protection, $314,000. (Ex. 2.)

18. Under the Policy, the Coverage A limits alone consist of $314,000, well above the minimum amount in controversy requirement. Thus, should Plaintiff demonstrate he is entitled to the sub-limits of Coverage A, the value of Plaintiff's breach of contract damages alone satisfies the minimum amount in controversy requirement. Nonetheless, USAA GIC reserves its right to dispute any such claims relative to the existence, amount and appropriateness of Plaintiff's claim for breach of contract damages.

### c. Punitive Damages

19. Plaintiff also seeks punitive damages. Pursuant to the United States Supreme Court, a plaintiff may be able to obtain an award of between one to nine times the compensatory award. (*State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003).) Accordingly, a punitive damages award alone could satisfy the minimum amount in controversy requirement here. Nonetheless, USAA GIC reserves the right to dispute any such claims relative to the existence, amount, and appropriateness of Plaintiff's claim for punitive damages.

20. In the Statement of Damages, Plaintiff reserved the right to seek up to $25,000 of punitive damages. (Ex. 4.)

### d. Attorney's Fees

21. Additionally, Plaintiff also seeks recovery of attorney's fees. (Compl. p. 10.) As to the attorney's fees, such fees can be compensable in an insurance bad faith action. (*Cassim v. Allstate Ins. Co.,* 33 Cal.4th 780, 806 (2004).) Attorneys' fees damages can also be sufficient to invoke the jurisdictional minimum. (*Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1031 (N.D. Cal 2002).) In general, when an insured retains an attorney to obtain policy benefits that were unreasonably withheld, he is entitled to recovery of those attorney's fees "attributable to the attorney's efforts to obtain the rejected payment due on the insurance contract." (*Brandt v. Superior Court*, 37 Cal.3d 813, 819 (1985).) Attorney fees recoverable under *Brandt* are considered in determining whether the amount in controversy exceeds the jurisdictional amount. (*Richmond v. Allstate Insurance Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995).) USAA GIC reserves its right to dispute any such claims relative to the existence, amount, and appropriateness of Plaintiff's claim for attorney fees.

22. In the Statement of Damages, Plaintiff alleged attorney's fees of $40,000. (Ex. 4.)

### INTRADISTRICT ASSIGNMENT

23. The United States District Court for the Eastern District of California, Sacramento Division, embraces the District and Division in which the state court action was filed, and thus said Court and Division are the proper venue for this action pursuant to 28 U.S.C. § 84(a) and L.R. 120(d).

### STATE COURT PLEADINGS ATTACHED

24. Pursuant to 28 U.S.C. 1446(a), Defendant has attached to this Notice all pleadings previously filed in the underlying state court action, inclusive of the Summons and Complaint (Ex. 1), Dismissal of Defendant USAA Casualty Insurance Company (Ex. 3); Defendant USAA GIC's Answer to Complaint, a true and correct copy is attached hereto as **Exhibit "6"**; Plaintiff's Case Management Conference Statement, a true and correct copy of is attached hereto as **Exhibit "7"**;

USAA GIC's Case Management Conference Statement, a true and correct copy is attached hereto as **Exhibit "8"**; and the Nevada County Superior Court's July 13, 2018 Civil Pre-Trial Order, a true and correct copy is attached hereto as **Exhibit "9"**.

Dated:  July 31, 2018                    DKM LAW GROUP, LLP


By  */s/ Melissa L. O'Connor*
    ROBERT S. McLAY
    JOSHUA N. KASTAN
    MELISSA L. O'CONNOR
    Attorneys for Defendant
    USAA GENERAL INDEMNITY COMPANY

## DEMAND FOR JURY TRIAL

USAA GIC hereby demands a trial by jury on all claims and causes of action so triable.

Dated: July 31, 2018      DKM LAW GROUP, LLP

By    */s/ Melissa L. O'Connor*
       ROBERT S. McLAY
       JOSHUA N. KASTAN
       MELISSA L. O'CONNOR
       Attorneys for Defendant
       USAA GENERAL INDEMNITY COMPANY